Frances Hardin Patrick, Appellant,

*v.*

Virginia Boyd Hardin, Administratrix, etc., Appellee.

385 S.W.2d 905.

(*Jackson*, April Term, 1964.)

Opinion filed July 15, 1964.

M. S. Ross, J. C. Dale, Jr., Nashville, for appellant.

R. R. Haggard, Jr., Waynesboro, W. C. Keaton, Hohenwald, for appellee.

Mr. Justice White delivered the opinion of the Court.

The chancellor sustained pleas of former suit pending and *res judicata* and dismissed appellant's bill at her costs. She appeals and assigns error to the action of the chancellor.

The history of this litigation is that the appellant filed a suit in Hardin County, Tennessee, seeking to enforce a vendor's lien on the real property located wholly in Hardin County, and more particularly described in the bill.

The bill alleged in substance that the appellant and James L. Hardin, deceased, owned, as tenants in common, a one-fourth undivided interest in said land, all of which is located in Hardin County, Tennessee, for which they had executed a promissory note, secured by a vendor's lien. Said vendor's lien being recorded in Book 46, pages 470-472, Register's Office of Hardin County, Tennessee.

At the time of the death of James L. Hardin the scheduled payments, as set out in the note, were in default, causing the balance to become due and payable

at the option of the holder of said note so secured by said vendor's lien. The bill also alleged the transfer of the note and the lien to certain intermediate holders, and from them to appellant pursuant to an agreed decree entered on or about November 12, 1962 on the minutes of the Chancery Court of Wayne County, and to which the appellee was a party.

It is claimed in the bill that the appellant, having paid the full consideration for said note as specified in the decree, stands in the shoes of the original vendor as to the right to collect said note and to enforce the vendor's lien retained to secure the same.

The appellant sought alternative relief. First, for judgment against appellee as Administratrix of the Estate of James L. Hardin, deceased, and for sale of the interest of James L. Hardin in said land to enforce the judgment, or for a decree of the court fixing the amount of indebtedness and directing a foreclosure sale to enforce the vendor's lien on the property.

To this bill the appellee filed a plea entitled "Plea of Former Suit Pending, Etc.," in which she stated there was pending in Wayne County a suit involving the same parties and the same subject matter in which the same relief was sought.

Appellant filed a demurrer to the plea, or "Motion to Set Same for Argument for Insufficiency". In this demurrer, or motion, the appellant challenged the jurisdiction of the Chancery Court of Wayne County and contended that the pendency of an action in a court without jurisdiction is not a bar to an action in the proper court.

A careful examination of this record will show that the plea of *res judicata* on the question of a money judgment against the appellee as Administratrix of the Estate of James L. Hardin, deceased, was proper and the action of the chancellor in sustaining it is affirmed.

██ ██ The Estate of James L. Hardin was administered as an insolvent estate, upon suggestion of insolvency in the Wayne County Court. Upon proper allegations, pursuant to T.C.A. sec. 30-701 et seq., the administration was transferred to the Chancery Court of Wayne County. Appellant failed to file a claim on the note secured by said vendor's lien against the personal estate of the deceased within the statutory period provided by T.C.A. sec. 30-704. The chancellor so found and such finding stands as a final adjudication against appellant because the chancellor also found that the appellant had, "if not actual knowledge, constructive knowledge, or notice of the administration of said estate". T.C.A. sec. 30-704 provides in part:

"* * * any claim not filed on or before the day fixed, or before an appropriation of the funds of the estate is made, shall be forever barred, both in law and equity."

However, the proceedings in the Chancery Court of Wayne County cannot be a bar to the present action in the Chancery Court of Hardin County except insofar as the appellant seeks a money judgment against the appellee as Administratrix of the Estate of James L. Hardin, deceased.

██ ██ As we have pointed out, the pendency of an action in a court without jurisdiction of the subject matter is not a bar to an action in the proper court. This Court recently reaffirmed the rule that the courts of our State

have no jurisdiction of local actions brought in the wrong county and consent cannot give jurisdiction. *Curtis v. Garrison,* 211 Tenn. 339, 345, 364 S.W.2d 933 (1963); *Hall v. Southhall Bros. & Carl,* 146 Tenn. 129, 240 S.W. 298 (1921); *Nashville v. Webb,* 114 Tenn. 432, 85 S.W. 404 (1904).

■ T.C.A. sec. 16-617(2), providing that suits brought to foreclose a mortgage or deed of trust shall be filed in the county in which the land or a material part of it lies, or in which the deed or mortgage is registered, applies to a proceeding to foreclose a vendor's lien.

The reason for the statute making such actions local is stated in Footnote 33 to Section 184, Gibson's Suits in Chancery, 5th ed., viz.:

> "All suits relating to land, or injuries to land or liens or incumbrances on land are local; and the reason they are ordinarily required to be brought in the county where the land lies is because the records affecting the title are, ordinarily, in such county, and should remain there."

This statement from Gibson's was approved in the recent opinion of *Stinnett v. Tom-Ken Builders, Inc., et al.,* 214 Tenn. 262, 379 S.W.2d 766 (1964), prepared for the Court by Mr. Justice Holmes.

■ In the case now under consideration it is undisputed that the lien is recorded in Hardin County and that the land in question lies wholly within Hardin County. Therefore, it is clear that an action to foreclose the vendor's lien would have to be brought in Hardin County and the Chancery Court sitting in Wayne County could not have jurisdiction of the subject matter of this suit to foreclose such lien.

■ It is the contention of the appellee that in taking jurisdiction of the administration of an insolvent estate pursuant to T.C.A. sec. 30-701 et seq., the Chancery Court for Wayne County thereby had jurisdiction for all purposes. Appellee bases this contention upon the familiar maxim of equity to that effect and upon certain statutes which give the Chancery Court the power to sell land anywhere in the state in administering an insolvent estate.

However, it is clear that these rules have no application here. The aforesaid statute, T.C.A. sec. 16-617(2), deprives the Chancery Court of Wayne County of jurisdiction over the subject matter of a suit to foreclose a vendor's lien on property located in Hardin County. It is true that the Chancery Court of Wayne County could have sold the interest of the deceased in the land in question because the estate was being administered as an insolvent estate, but it would have had to have been sold subject to the appellant's vendor's lien. In its decree of November 12, 1962, the Chancery Court of Wayne County recognized that the vendor's lien held by the appellant was superior to the dower interest of appellee and to the claims of the creditors of the estate.

The action of the chancellor in sustaining the plea of *res judicata* on the prayer of the appellant for a money judgment against the appellee as Administratrix of the Estate of James L. Hardin, deceased, is affirmed.

Since the appellant was without authority under the law to enforce the vendor's lien against the property in Wayne County, the action of the chancellor in sustaining the plea of former suit pending in regard to enforcement of the vendor's lien in the present action is reversed and

this cause is remanded for further proceedings in connection therewith not inconsistent with this opinion.

The costs of this appeal are adjudged against the appellee.

BURNETT, CHIEF JUSTICE, and FELTS, DYER and HOLMES, JUSTICES, concur.