FRANCES PAULINE BAKER, Ind., etc., et al.,
Complainant-Appellee, v. CLOYD F. BAKER,
Admr., etc., et al., Defendant-Appellant.
—488 S.W.2d 677.

Middle Section.   August 1, 1969.

Certiorari Denied by Supreme Court December 15, 1969.

Harold Collins and Dale Quillen, Nashville, for complainant.

William A. Parsons, Nashville, for defendant.

TODD, J. Defendant, Cloyd F. Baker, Administrator of the estate of Gilbert D. Baker, deceased, has appealed from a decree sustaining the bill of complainant, Frances Pauline Baker, and setting aside a conveyance of realty from complainant to deceased.

The original bill alleged that complainant was the surviving widow of Gilbert D. Baker, deceased; that, upon an estrangement between herself and deceased, she had been induced by threats and fear and without consideration to sign a deed to deceased conveying to him all of her interest in the family home which was held by complainant and deceased as tenants by the entireties. The bill further charged that the defendant administrator had suggested the insolvency of the personal estate of deceased and had secured from the Probate Court of Davidson County an order of sale of said realty. The bill prayed that said sale be enjoined, that said deed be declared void and that title to said property be vested in her as surviving tenant by the entireties.

The defendant plead in abatement as follows:

## "PLEA IN ABATEMENT

"Comes the Defendant, Cloyd F. Baker, Admr. and moves the Court that the Bill should be abated because there is pending in the Davidson County Probate Court under Docket Number 46187, the Case of Cloyd F. Baker vs. Frances Pauline Baker in which all of the issues alledged in the original bill in this cause are before the Probate Court."

Thereafter the following order was entered:

"This cause was heard upon motion of the defendant, Cloyd F. Baker, Administrator, to dispose of his plea in abatement filed herein and upon argument of counsel, whereupon the said defendant moves the Court for permission to amend his plea in abatement, which motion is allowed; and

"IT IS ACCORDINGLY SO ORDERED, ADJUDGED AND DECREED BY THE COURT.

"All other matters are reserved.

This November 29, 1966."

The following notation appears in the technical record:

"EXHIBIT TO PLEA IN ABATEMENT FILED NOVEMBER 29, 1966.

NOTE: This document has been removed from the file and inadvertently lost or misplaced, and cannot be located after diligent search and inquiry and the solicitors for the parties have been unable to supply a copy thereof for the record."

A careful search of the entire record and the briefs filed in this court fails to disclose any reference to or clue to the contents of the amended plea in abatement, if filed, or the exhibit referred to in the above quoted notation.

The technical record contains a transcript of a record from the Probate Court in the case of Cloyd F. Baker v. Frances Pauline Baker, No. 46187, which transcript is marked filed by the clerk and master on December 5, 1966 but the record fails to disclose the manner in which said transcript was made a part of this record. Presumably, it purports to support the original plea in abatement but there is no indication that it was exhibited to any pleading or offered in evidence.

On April 17, 1967, the following order was entered:

"This cause came on to be heard on this and former days before the Honorable Alfred T. Adams, Chancel-

lor, upon the motion to dispose of the plea in abatement filed in the case, the exhibits introduced on the hearing of the said motion, and statements and argument of the solicitors for the respective parties.

"And it appearing to the satisfaction of the Court that the plea in abatement should be overruled,

"It is therefore ORDERED, ADJUDGED and DECREED that the plea in abatement be and hereby is overruled.

"To the action of the Court the defendants respectfully except."

Thereafter the defendant plead to the merits and an oral hearing resulted in a decree which declared null and void the deed from complainant to deceased and permanently enjoined the sale of the land for debts of deceased.

The first assignment of error is:

"1. The Court erred in failing to grant the Plea in Abatement filed by the defendant, Cloyd F. Baker."

In Cockburn v. Howard Johnson, Inc., 215 Tenn. 254, 385 S.W.2d 101 (1964) it was held that a suit is subject to a plea in abatement where there is pending a previous suit (1) *on the same subject matter,* (2) *between the same parties,* (3) *in a court* in this state *having jurisdiction of the subject matter* and the parties. The Supreme Court quoted with approval Higgins & Crownover, Tennessee Procedure in Law Cases, sec. 518(6) as follows:

"The essentials of such a plea are that *the two suits must involve the identical subject matter* and be between the same parties *and the former suit must be*

*pending in a court* in this state *having jurisdiction of the subject matter* and the parties. A plea, whether it be in abatement or in bar, must contain these elements." (emphasis supplied).

In Gibson's Suits in Chancery, Fifth Edition, Vol. 1, sec. 335, p. 382 is found the following:

"The plea should set forth, with certainty, (1) the commencement of the former suit, its general nature, and character, and objects and the relief prayed, giving the substance of the former bill or declaration; (2) that the second suit is for the same subject matter as the first, and between the same parties, or their privies; (3) that the proceedings in the former suit were taken for the same purpose; (4) that there have been proceedings in the suit, such as an appearance, or process requiring an appearance, and (5) that the former suit is still pending."

In Patrick v. Hardin, 215 Tenn. 348, 385 S.W.2d 905 (1964) it was held that the pendency of a former suit before a court without jurisdiction of subject matter was not a bar to an action in the proper court.

Defendant quotes at length from the private act creating the Davidson County Probate Court, but nothing therein vests said court with the jurisdiction or power of a chancery court to set aside deeds for fraud, duress, or want of consideration.

In the case of Hatchett v. Hatchett (unreported, February 28, 1969) this Court held that the Probate Court of Davidson County had no jurisdiction to declare a forfeiture of insurance proceeds where the deceased was feloniously killed by the beneficiary. After referring to Chapter 124, Private Acts of 1963, this Court said:

"A careful reading of this Act fails to disclose the granting of jurisdiction to the Probate Court of Davidson County to hear and try contested issues such as the one involved in the case at bar."

Said former opinion further quotes Gibson's Suits in Chancery, Fifth Edition, sec. 37 and Phillips Pritchard Law of Wills, Volume 1, sec. 42, to the effect that Probate Courts are law courts, are creatures of statute, and have no jurisdiction except that expressly conferred upon them.

In Ferguson v. Coleman, 52 Tenn. 378 (1871) it was held that suits of the nature of the present suit are cognizable only by courts of equity.

■■ The plea in abatement was properly overruled for several reasons, viz: (1) The validity of the deed from complainant to deceased was not an issue in the case before the Probate Court, which case was simply a suit by an administrator to subject real estate to the debts of the insolvent estate of the deceased owner. (2) Even if such issue were presented to the Probate Court, it would have no jurisdiction to adjudicate the same. (3) The pendency of an action at law does not preclude an action in chancery to enjoin the action at law where there are defenses thereto which could only be presented in equity. In Gibson's Suits in Chancery, Fifth Edition, sec. 301, pp. 345 and 346 is found the following:

"* * * Thus, if a party can make out his case more effectually in the Chancery Court, or can obtain some substantial relief beyond what he could obtain at law, he may come into Equity and enjoin the action at Law; this is especially true in cases where, by accident, mistake, or fraud, a party is at a disadvantage in a Court

of Law, whether he be complainant or defendant in such Court."

The first assignment of error is respectfully overruled.

The second assignment of error is as follows;

"2. The Court erred in admitting evidence regarding the transfer of the property from Frances Pauline Baker to Gilbert D. Baker, which evidence was oral testimony and was inadmissible."

■ This assignment cannot be sustained because the narrative bill of exceptions contains no suggestion of any objection made to the admission of consideration of any evidence. Life & Casualty Ins. Co. v. Jackson, 48 Tenn.App. 37, 342 S.W.2d 720 (1960), Rule 12(4) Rules of Tennessee Court of Appeals.

■ In War Finance Corp. v. Ready, 2 Tenn.App. 61 (1925), this Court overruled a similar assignment of error with the statement:

"* * * the defendant has waived this question in permitting the parties to testify without objection in the lower court" 2 Tenn.App. at 65.

A rule of evidence not invoked is waived. Wigmore on Evidence, Third Edition, Vol. 1, sec. 18, p. 321.

The second assignment of error is respectfully overruled.

The third assignment is as follows:

"3. The Court erred in its opinion that there was no consideration."

The testimony of complainant, preserved in the narrative bill of exceptions, contains the following:

"She stated that she was never paid any money or anything else of value for the house or the signing of the deed."

\* \* \* \* \* \*

"She repeated that she would do anything, sign anything or say anything to keep the children."

\* \* \* \* \* \*

"She repeated that the only reason she signed the papers was because Mr. Baker threatened to take the children."

There is no evidence in the record to contradict the quoted testimony. The separation agreement, pursuant to which the deed was signed, recites no consideration except an agreement by deceased to allow complainant to have principal custody of (and obligation to support) the children, and the agreement of deceased to "be responsible for the expenses, debts, or whatever else that may exist against the said real estate."

There is a presumption of the correctness of the finding of the chancellor unless the evidence preponderates otherwise. Sec. 27-303, T.C.A.

■■ The evidence does not preponderate against the finding of the chancellor. On the contrary, the evidence preponderates overwhelmingly in favor of the finding. The agreement by a father to allow a mother to have custody of and to support her children, and to relieve the father of his natural duty of support is certainly no legal consideration passing to the mother. There is no evidence of what, if any, debts or obligations were on the property to be assumed by the husband.

The third assignment of error is respectfully overruled.

All assignments of error have been carefully examined, considered and overruled. The conclusion reached by the chancellor is both just and correct. His decree is affirmed with costs.

Affirmed.

Shriver, P. J.(M.S.), and Puryear, J., concur.