**WACHOVIA BANK & TRUST COMPA- NY, N. A., Plaintiff-Appellee,**

v.

**Harold W. GLASS, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section.

July 28, 1978.

Certiorari Denied by Supreme Court Dec. 11, 1978.

Bass, Berry & Sims by Jay S. Bowen, Nashville, for plaintiff-appellee.

Noble Pepper, Sr., Hermitage, for defendant-appellant.

## OPINION

TODD, Judge.

The defendant, Harold W. Glass, has appealed from a summary judgment in favor of the plaintiff, Wachovia Bank & Trust Company, N.A. in the amount of $4,010.98 plus 20% attorney fee.

Plaintiff claims to be the holder in due course of a note in the amount of $5,120.00 executed by defendant to Preferred Development Corporation which endorsed and assigned the note to Yegen Development Corporation which endorsed and assigned the note to plaintiff.

Defendant's answer admits the execution and transfer of the note, but insists that plaintiff was, at all material times, aware of the nature of the dealings between defendant and Preferred, and particularly that the note was given in consideration of a contract which Preferred did not perform, thereby effecting a failure of consideration. By cross complaint defendant alleged that, as agent of Preferred, plaintiff has been guilty of violation of the Interstate Land Sales Development Act and is therefore liable to defendant for refunds and expenses in unspecified amounts.

Plaintiff moved for summary judgment dismissing the counterclaim, supported by affidavit of an officer of plaintiff. Defendant responded with an unsworn "Response to Motion" with photostatic copies of two (2) letters and of an advertising circular and a photostatic copy of an opinion of this Court.

The Chancellor found that the countersuit under the Interstate Land Full Disclosure Act, 15 U.S.C. § 1701 et seq. was barred by the statute of limitations stated in 15 U.S.C. § 1711 and rendered summary judgment dismissing the countersuit.

Plaintiff then moved for summary judgment in its favor on the note, supported by affidavit of an officer of plaintiff. Defendant made no response to the motion. The Chancellor sustained the motion and rendered summary judgment for plaintiff.

Defendant's first two assignments of error complain of the first summary judgment dismissing the countersuit.

■ In the first assignment, defendant insists that it was error to sustain a motion for summary judgment based upon an affidavit not made on personal knowledge of affiant, citing Rule 56.05, Rules of Civil Procedure, as follows:

"56.05. Form of affidavits—Further testimony—Defense required.—Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The affidavit in question reads as follows:

"William O. Bland, being first duly sworn, deposes and says:

1. That at all times pertinent to this litigation he was and is a Senior Vice President of Wachovia Bank and Trust Company, N.A.

2. That at various times during the years 1973 and 1974, Wachovia Bank and Trust Company, N.A., purchased notes from Yegen Development Corporation. Yegen Development Corporation (a wholly owned subsidiary of Yegen Associates, Inc., Teaneck, New Jersey) had purchased said notes from Preferred Development Corporation, said notes having been given by various purchasers to Preferred Development Corporation as evidence of debts owed by them in connection with the purchase of various lots in the development known as English Mountain. Wachovia Bank and Trust Company, N.A. also purchased from Yegen Development Corporation certain other notes arising out of the purchase by individuals of lots at other developments. The developers were and are in no way related to Preferred Development Corporation, and its parent, Yegen Associates, Inc., are financial service companies and that neither of said companies is in any way related by way of ownership or management, to Preferred Development Corporation or any of its subsidiaries.

3. That at no time did Wachovia Bank and Trust Company, N.A., its agents or employees, directly or indirectly sell or offer to sell or advertise for sale any lots in the development known as English Mountain.

4. That, further, at no time did Wachovia Bank and Trust Company represent, act for, or on behalf of Preferred Development Corporation in selling or offering to sell any lot in the aforesaid development.

5. That Wachovia Bank and Trust Company, N.A., its agents and employees, did not assume any power or authority to oversee, influence or control land sales transactions between Preferred Development Corporation and the various land purchasers.

6. That Wachovia Bank and Trust Company, N.A., is not and has never been in control of the seller, Preferred Development Corporation, either through stock ownership or membership on the Board of Directors or otherwise."

Defendant's objection to the form of the affidavit is contained in his unsworn "Response to Motion" in the following language:

"3. Defendant further asserts that much of the affidavit filed in support of the motion by the plaintiff herein is of such a nature that it is in violation of the

Tennessee Rules of Civil Procedure and therefore should be stricken. Additionally, the defendant believes and asserts that this affidavit is not such that it forecloses all issues of fact so as to make a judgment at this time improper."

Defendant's objection to the evidence just quoted was not sufficiently specific to preserve exceptions to its consideration.

Under Rule 56 TRCP, evidence offered in support of or opposition to a motion is subject to objection on grounds of hearsay. However, such objection must be presented with the same specificity as any other objection to evidence. See numerous authorities annotated in 18A Tenn. Digest, Trial § 82, pp. 47, 48.

Appellant's objection does not point out what parts of the affidavit are objectionable and on what ground. Attachment of an eight (8) page unreported opinion of this Court did not supply specificity.

The only obvious hearsay in the above quoted affidavit is an immaterial assertion as to the nature and relationship of organizations not parties to this suit.

The material issue on the first motion for summary judgment was whether or not plaintiff's agents or employees had been guilty of any tortious acts against defendant as alleged in defendant's counterclaim, as follows:

"   .   .   .   while acting as an agent of the original developer, Preferred Development Corporation, the Wachovia Bank and Trust Company have been guilty of violation of the Interstate Land Sales Development Act and have become liable thereunder for the return of the purchase money and all expenses and payments provided to be recovered by the purchaser in the case of violation of this act. Plaintiff asserts that Wachovia Bank and Trust Company is liable for such payments because of Wachovia Bank and Trust Company's own acts and because of their privity with the original developer, Preferred Development Corporation."

It is seen from the foregoing that parts of the affidavit material to the counterclaim must, perforce, relate to (1) acts of plaintiff, (2) agency of plaintiff, or (3) privity of plaintiff with Preferred Development Corporation in violation of the Interstate Land Sales Development Act. Paragraphs numbered 3, 4, 5, and 6 of the affidavit relate to the three subjects just stated, and they do not appear on their face to be hearsay.

It is arguable that some of the general denials in the affidavit are hearsay. Of course, the Senior Vice President of a bank could not have personal knowledge of what each and every agent or employee of the bank did or did not do during each moment of the time in question. However, to exclude these statements for hearsay would be to require the bank to catalog the names of each and every person who was agent or employee for the bank during the time in question and to produce the affidavit of each that he or she had not been guilty of any of the acts so generally charged in the counter-complaint. This would be unreasonable and ridiculous.

Perhaps a better procedure would have been to demand specificity of persons, times and places in the counterclaim. However, the affidavit of one of plaintiff's senior officers was sufficient for this purpose when it stated in substance:

"As a senior officer of plaintiff, so far as I know, there is no basis for the allegations of the counterclaim."

This was and is sufficient to shift to counterclaimant the burden of producing evidence of specifics of the counterclaim.

For such purpose (eliciting from counterclaimant the details of his claim) the sworn denial of plaintiff's senior officer was competent even though it might have been partly hearsay.

Appellant's first assignment of error is respectfully overruled.

■■■■ Appellant's second assignment of error asserts that the affidavit, quoted above, failed to establish that there was no genuine issue as to any material fact and that the cross complaint should be dismissed as a matter of law.

The three allegations germane to the cross complaint were listed above. The affidavit stated in substance that the three general allegations were untrue. Until cross plaintiff presented affidavits that a particular agent or employee of plaintiff, at a particular time and place, had committed a particular tortious act, there was no genuine issue as to any material fact, and the cross complaint should have been dismissed as a matter of law.

To satisfy this requirement, appellant relies upon a copy of a letter attached to his unsworn "Response to Motion." Said pleading states:

"1. Counsel of record for Wachovia Bank & Trust Company have agreed to stipulate that the attached Exhibit 1 is a correct copy of a letter that the plaintiff admits having mailed to the defendant on the date indicated.

2. The defendant, Harold W. Glass, believes and alleges that this letter shows a connection between the Yegen Development Corporation and the plaintiff, Wachovia Bank & Trust Company. Therefore, the defendant believes that the duration of such relationship becomes an issue that must be decided at a full hearing of the facts in this cause."

It is most irregular and unusual for evidence to be presented in such a manner. A "Response to a Motion" does not evidence a stipulation unless signed by or on behalf of the party making the stipulation. Said pleading contains no evidence of any assent of plaintiff to any such stipulation.

Nevertheless, even though it be conceded that, by some means the letter was proper for consideration, it does not support appellant's counterclaim, for it was written long after the purchase of land by appellant—not for the purpose of inducing appellant to buy property—but in an effort to induce appellant to pay a debt due plaintiff.

The Interstate Land Sales Full Disclosure Act applies only to "developers" and "agents", both of whom are defined in terms of attempts to sell or lease lots. Said letter does not evidence any participation in any attempt to sell or lease a lot, but only an effort to collect a debt long after the sale was made.

Appellant insists that said letter was material to the status of plaintiff as a "holder in due course" which was not a material issue in respect to the counterclaim.

■ There is yet another reason why there is no error in the summary judgment of dismissal of defendant's counterclaim, and that is that the counterclaim shows on its face that the cause of action arose prior to October 25, 1972, and that the counterclaim was filed on October 19, 1976. The action is therefore barred by 15 U.S.C. § 1711 which limits actions under the Interstate Land Sales Full Disclosure Act to three years.

Appellant's second assignment of error is respectfully overruled.

■ Appellant's third and fourth assignments of error relate to the second summary judgment in favor of plaintiff for the amount due on the note.

The third assignment complains that the affidavit of John K. Hoyt, offered in support of plaintiff's motion was not made upon personal knowledge and "was not otherwise admissible."

The record contains no indication that defendant at any time or in any manner interposed any objection to the consideration of this affidavit. A rule of evidence not invoked is waived. *Baker v. Baker*, 60 Tenn.App. 545, 488 S.W.2d 677 (1969).

A litigant may not stand idly by and suffer an adverse summary judgment upon allegedly objectionable evidence and expect the appellate courts to grant relief which was not requested of the Trial Court. Rule 12(4) Rules of Court of Appeals.

Furthermore, the brief of appellant fails to point out what part of the three page affidavit is objectionable. As in the case of the affidavit previously discussed, it is made by a vice president of plaintiff, it states the general circumstances of the purchase of the note in question, and it denies any circumstances of notice of infirmity. Also, as in the case of the previous affidavit, it is essentially a denial of knowledge

and demand for details of defendant's defense. For such purpose, it was proper for consideration by the Chancellor.

Appellant's third assignment of error is respectfully overruled.

Appellant's fourth assignment of error is that "plaintiff failed to sustain the burden . . . of establishing that there is no genuine issue as to any material fact and that (plaintiff) is entitled to a judgment as a matter of law."

Reduced to its simplest form, the posture of the parties was as follows:

1. Plaintiff sued on a note with attached endorsements or transfers to plaintiff. Not being denied under oath, the note was prima facie evidence of debt. T.C.A. § 24–506.

2. Defendant filed an unsworn answer alleging certain defenses which would be available against plaintiff only if plaintiff had notice of the defenses before acquiring the note.

3. Plaintiff filed affidavits that it had no notice of such defenses.

4. Defendant offered no counter-affidavit that plaintiff did have such notice.

In the situation just outlined, there was no evidence of any dispute as to any material fact. It is true that defendant had made an unsworn assertion suggesting such a dispute; but, on motion for a summary judgment, disputes as to material facts must be evidenced by affidavits or other sworn evidence of facts, and not merely by unsworn generalized assertions in pleadings. Rule 56.05 T.R.C.P.

Defendant's fourth assignment of error is respectfully overruled.

Defendant's fifth assignment of error insists that:

". . . the lawsuit presented complex issues of fact and law which are inappropriately resolved by a summary judgment. This lawsuit requires a careful examination of a complex set of facts surrounding the planning and development of the English Mountain project. . . . The technical and complex defense of holder in due course . . .

The exact nature of the involvement of the plaintiff in the English Mountain project . . . The complexity of the entire English Mountain scandal. . . ."

Defendant has not offered a single sworn word to support the elaborate rhetoric just quoted. Having failed to present any affidavit of facts in his possession or to utilize his rights to discovery of facts from others, defendant is not in a position on appeal to again make elaborate assertions or suggestions of facts without sworn substantiation.

The fifth assignment of error is respectfully overruled.

The sixth assignment of error asserts:

"The Honorable Trial Court erred in granting the plaintiff's Motion for Summary Judgment on defendant's counter-complaint in that the final adjudication of this lawsuit requires the resolution of policy questions which are of intense and immediate public interest and are inappropriately dealt with by Summary Judgment. This lawsuit will establish policy statements concerning the relative rights and liabilities of persons innocently caught up in land 'scandals such as the English Mountain affair."

Appellant apparently conceives that the Rules of Civil Procedure should be suspended and the case should proceed to trial under the former common law procedure of pleading and trial simply because it is alleged in brief that the case is of intense public interest and involves other innocent persons. No authority is cited and this Court knows of no authority for such action.

This Court is not without sympathy for all those who unwisely sign negotiable notes in exchange for promises that are never fulfilled. Efforts have been made and are continuing to protect the unwary from unwise execution of notes; but, at the time of the transactions involved herein, it does not appear that there was any law to protect defendant from the results of his mistake.

Defendant has not demonstrated any valid reason why he should be relieved of his obligation to pay his note.

The judgment of the Chancellor is affirmed. Costs of this appeal are taxed against defendant-appellant.

Affirmed.

SHRIVER, P. J., and DROWOTA, J., concur.