**Maggie K. READ, Plaintiff-Appellant,**

v.

**Fate THOMAS, Individually and as Sheriff, etc., Captain Friday Blackwood, Individually and as Superintendent of the New Jail, etc., Captain John Brewer, Individually and as Deputy Sheriff, etc., Unknown Deputies Sheriff and Guards, etc., and the Metropolitan Government of Nashville and Davidson County, Defendants-Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 24, 1984.

Application for Permission to Appeal Denied by Supreme Court Nov. 5, 1984.

Lionel R. Barrett, Jr., Barrett & Redick, Nashville, for plaintiff-appellant.

Philip D. Baltz, Nashville, for defendants-appellees.

OPINION

TODD, Presiding Judge, Middle Section.

This is a suit under the Governmental Tort Liability Act for damages for an assault upon plaintiff by a person alleged to have escaped from the Metropolitan Jail because of negligence of jail officials or employees. The suit against Metropolitan Government was dismissed by summary judgment, and plaintiff appealed.

The only issue on appeal is the correctness of the summary judgment.

The suit, filed on November 26, 1980, included as defendants Fate Thomas, Sheriff, Captain Friday Blackwood, Superintendent of the "New Jail", Deputy Sheriff John Brewer, "Unknown Deputies Sheriff and Guards, etc.", and the Metropolitan Government. The complaint alleged that the attack occurred on September 1, 1979, but that plaintiff did not learn of the identity of her attacker or his escape from the Metropolitan Jail until November 29, 1979.

The Sheriff was dismissed because of immunity granted by TCA § 8–8–301.

The remaining defendants were dismissed by summary judgment in which the Trial Judge found:

There is nothing before the Court to suggest that the defendants knew or should have been aware of the prisoner's dangerous propensities for violence or even physical harm.

---

Furthermore, plaintiff must show that the acts of the prisoner were foreseeable enough that the defendants should have been aware of a dangerous propensity and consequential harm. See *State of Nevada v. Silva*, 86 Nev. 911, 478 P.2d 591 (1970).

---

—the injury to plaintiff was beyond the foreseeable scope of the risks created by defendants' negligence.

On appeal, the briefs deal principally with the issue stated by the Trial Judge above, which he apparently considered to be the determinative issue in the case.

Initially, this Court addressed and determined the foreseeability issue on the assumption that this was the issue which the parties desired to be decided on appeal. However, upon closer examination of the record it has been determined that it would not be proper for this Court to decide a question of law which does not have adequate evidentiary background in the record.

The motion for summary judgment reads as follows:

Pursuant to Rule 56 of the TRCP, the Defendants The Metropolitan Government of Nashville and Davidson County, Friday Blackwood and John Brewer, hereby move this Honorable Court for summary judgment. The Defendants would submit that there is no genuine issue to any material fact and that they are entitled to judgment as a matter of law.

In support of their motion, the Defendants would show there is no evidence of any negligent acts or omissions on the part of any Defendant or employee of the Metropolitan Government which may have occasioned the alleged escape of Larry Eugene McKay. Nor is there any evidence that any of the Defendants knew or should have known that Larry Eugene McKay would be involved in any sex offenses and in fact the record will show that Larry Eugene McKay was being held in the Metro Jail on a misdemeanor.

The record includes interrogatories to the Plaintiff, the deposition of the Plaintiff and the deposition of the Defendant, Friday Blackwood.

A Memorandum is attached.

TRCP, Rule 56, reads in pertinent part as follows:

### SUMMARY JUDGMENT

56.02. For defending party.—A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

56.03. Motion and proceedings thereon.—... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

56.05. Form of affidavits—Further testimony—Defense required.—Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

■ It is essential to consideration of a motion for summary judgment that such motion recite that there is no genuine issue of fact. *Belsky v. Payne* Tenn.App.1977, 560 S.W.2d 78.

■ The issue of proximate cause, like any other, may be determined on summary judgment so long as the test of this rule is met. *Wyatt v. Winnebago Indus., Inc.,* Tenn.App.1977; 566 S.W.2d 276.

It is the burden of the party seeking a summary judgment to show to the court that under uncontradicted facts the moving party is entitled to judgment as a matter of law. In order to satisfy this requirement, the moving party must present or point out admissions of adversary or evidence of the facts relied upon and satisfy the court that such evidence is not contradicted. If the evidence presented by the moving party is not contradicted by the opposing party by sworn evidence or record admissions of adversary, and if the uncontradicted evidence relied upon by the moving party is sufficient to entitle the moving party to judgment as a matter of law, then summary judgment for the moving party is in order.

If the opponent of the motion points out admissions of adversary or sworn evidence which contradict the evidence relied upon by the moving party so that there is not *uncontradicted* evidence sufficient to require a judgment in favor of the moving party, summary judgment is not in order.

Ordinarily, sworn evidence in support of or in opposition to a summary judgment must be of facts within the personal knowledge of the affiant or witness. TRCP Rule 56.05. This rule is not without exceptions created by special circumstances, such as a negative statement that a given fact is not true because the affiant has made dilligent investigation and has been unable to find any evidence of the existence of such fact. *Wachovia Bank and Trust Co. N.A. v. Glass* Tenn.App.1978, 575 S.W.2d 950.

■ In the present case, three facts were essential to liability of defendant, (1) escape of the assailant from jail, (2) negligence in permitting the escape of the culprit, and (3) proximate causal connection between such negligence and the injury of plaintiff, i.e. foreseeability of the probability that the injury in question would result from negligence in allowing the escape.

In order to successfully move for summary judgment, it was necessary for the defendants to support their motion by presenting or pointing out record admissions of plaintiff and/or sworn evidence showing that there was (1) no escape, or (2) no negligence, or (3) no foreseeability ... This record contains no such admission or sworn evidence.

Absent such sworn evidence, the moving party was not entitled to a summary judgment.

The summary judgment of dismissal is reversed. Costs of this appeal are taxed against appellees. The cause is remanded for further proceedings.

Reversed and Remanded.

KOCH, J., and ALLEN R. CORNELIUS, Jr., Special Judge, concur.