The AMERICAN NETWORK GROUP, INC., and ANG/Tennessee, Inc., Plaintiffs,

v.

Dennis M. KOSTYK, Defendant Counterclaimant Third–Party Plaintiff Appellant,

v.

The AMERICAN NETWORK GROUP, INC., and ANG/Tennessee, Inc., Counter–Defendants,

and

John J. Casey, Frank J. Spalluzzi, Edward C. Dunn, Thomas W. Heinsohn, and Otis Singletary, Third–Party Defendants Appellees.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Dec. 4, 1991.

Application for Permission to Appeal Denied by Supreme Court April 27, 1992.

John L. Chambers, Stokes & Bartholomew, Alfred H. Knight, Jeffrey G. Rappuhn, Willis & Knight, Nashville, for third-party plaintiff-appellant.

C. Hayes Cooney, W. Warner McNeilly, III, Watkins, McGugin, McNeilly & Rowan, Nashville, for third-party defendants-appellees.

## OPINION

LEWIS, Judge.

This is an appeal by defendant and third-party plaintiff, Dennis M. Kostyk, from the trial court's granting of summary judgment to the third-party defendants, John J. Casey, Frank J. Spalluzzi, Edward C. Dunn, Thomas W. Heinsohn, and Otis Singletary, and the dismissal of Mr. Kostyk's third-party complaint.

We adopt that portion of the Chancellor's Memorandum hereafter set forth:

This is a third party suit by Dennis Kostyk, the defendant in the original complaint, against the directors of American Network Group, Inc. for breach of their fiduciary duty to him as a minority shareholder. The case is curently [*sic*] before the Court on the motion of the third party defendants for summary judgment. The Court grants their motion.

Kostyk's complaint centers around a series of transactions in early 1988 involving transfers of stock, creation of a new corporation, and merger of two corporations, American Network Group and ANG/Tennessee. He owned about 9% of the outstanding Series A and Series B common stock in the original corporation. Three of the directors owned the controlling interest in Series A, and the directors as a group had the controlling interest in both of the merging corporations.

In his complaint Kostyk states that in January 1988, the Series A shareholders transferred their shares to a newly formed Delaware corporation, ANG/Delaware Acquisition Corporation. According to his deposition, he was not invited to transfer his shares, and did not ask to do so. After the stock transfer, Kostyk and ANG/Delaware Acquisition Corporation were the only shareholders of Series A stock.

Shortly after the stock transfer, the directors called a shareholder meeting in March 1988 to adopt a proposed merger of American Network Group and ANG/Tennessee. Kostyk states that under the approved merger, all Series A

shares received $.01 per share except for the Series A shares that were transferred to ANG/Delaware Corporation. Since he was the only Series A shareholder who did not participate in the stock transfer, he claims that the merger increased the relative stock positions of the directors by essentially eliminating his own 9% interest.

Kostyk claims that the directors breached their fiduciary duty to him by planning a self-dealing stock transfer and merger, and that as a result, he was denied the fair value of his shares. At issue in the present motion is whether the statutory appraisal remedy in T.C.A. § 48–23–301 asked for in the original stock valuation suit by American Network Group would also be the proper remedy for this breach of fiduciary duty claim.

■ Mr. Kostyk first argues that "the trial court erred in granting the motion of third-party defendants for summary judgment, based solely on movants' reliance on respondent's deposition."

Tennessee Rule of Civil Procedure 56.01 provides:

"A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of thirty (30) days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or *without supporting affidavits* for a summary judgment in his favor upon all or any part thereof."

Tenn.R.Civ.P. 56.01 (emphasis added).

In *Read v. Thomas,* 679 S.W.2d 467 (Tenn.App.1984), this Court stated the requirements for summary judgment as follows:

It is the burden of the party seeking a summary judgment to show to the court that under uncontradicted facts the moving party is entitled to judgment as a matter of law.... [T]he moving party must present or point out admissions of adversary or evidence of the facts relied upon and satisfy the court that such evidence is not contradicted. If the evidence presented by the moving party is

not contradicted by the opposing party by sworn evidence or record admissions of adversary, and if the uncontradicted evidence relied upon by the moving party is sufficient to entitle the moving party to judgment as a matter of law, then summary judgment for the moving party is in order.

*Read v. Thomas,* 679 S.W.2d at 469.

The evidence relied upon by the moving party does not have to be in the form of affidavits. Tenn.R.Civ.P. 56.01. However, there must be evidence in the record which is undisputed and shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn.R.Civ.P. 56.03. Here, the trial court properly considered the supporting documentation filed by the third-party plaintiff Mr. Kostyk and the entire record in determining that there was no genuine issue of material fact.

■ Mr. Kostyk relies on *Reed v. Firestone,* 1991 WL 46678, (Tenn.App. at Nashville, filed April 8, 1991), permission to appeal denied June 24, 1991, for his argument that the motion for summary judgment may not be supported by depositions alone. We are of the opinion that such a holding directly conflicts with the express wording of Tennessee Rule of Civil Procedure 56 and that the conflict between Reed and the Tennessee Rules of Civil Procedure must be resolved in favor of the Tennessee Rules of Civil Procedure. Summary judgment may properly be granted in reliance solely on the pleadings, depositions, answer to interrogatories, and admissions on file. In any event, the Chancellor in his order stated that he relied on the record as a whole and not solely upon depositions as was done in Reed. Mr. Kostyk's first argument is without merit.

■ As his next issue, Mr. Kostyk argues that the Chancellor erred in holding that the statutory appraisal remedy would be the only remedy for breach of fiduciary claims. We do not read the Chancellor's memorandum and order as so holding. The Chancellor held that a monetary remedy for breach of fiduciary claim separate and apart from the remedy provided by Tennessee Code Annotated, Section 48–23–301 is

available in limited circumstances but that Mr. Kostyk's claim did not fall within the purview of such limited circumstances.

In *Bayberry Associates v. Jones*, 783 S.W.2d 553 (Tenn.1990), our Supreme Court, in interpreting Delaware and Maryland case law, determined that only under very limited circumstances would shareholders have a direct action against directors who had violated their fiduciary duty. Other courts have been reluctant to award additional compensation to a minority shareholder over and above the statutory appraisal remedy unless the defendants have frustrated the appraisal process by fraud, misrepresentation, self-dealing, deliberate waste of corporate assets, or gross over-reaching. *Weinberger v. UOP, Inc.*, 457 A.2d 701, 714 (Del.1983).

The Chancellor specifically held that judicial appraisal is the proper remedy for Mr. Kostyk's third-party complaint and that a judicial appraisal would give him fair and just compensation for his interest in American Network Group. Mr. Kostyk did not present any evidence in opposition to the motion for summary judgment which would support any inference that the third-party defendants' alleged conduct would make it impossible for an appraisal method to provide a fair remedy.

The Chancellor specifically noted that in the instant case Mr. Kostyk had previously argued that a more liberal appraisal method should be applied, thus acknowledging that an appraisal would provide him with an appropriate remedy. The Chancellor determined that Mr. Kostyk failed to come forward with any evidence which would allow any finder of fact to hold that he fell within the limited exception that would allow him a monetary remedy for breach of fiduciary duty claims in addition to his claim for appraisal. The Chancellor found that Mr. Kostyk's third-party complaint was based on loss of his economic advantage and that the remedy for that loss of economic advantage is the appraisal remedy in Tennessee Code Annotated, Section 48–23–301.

In *Walter J. Schloss Associates v. The Chesapeake Railway Co.*, 73 Md.App. 727, 536 A.2d 147, 157–58 (1988), the court held

that 1) a monetary remedy beyond payment of fair value in the statutory appraisal remedy is available only in exceptional circumstances and, 2) a remedy beyond the statutory appraisal remedy was not available where shareholders' objections to the merger were essentially complaints over the price which they received for their shares. In *Schloss*, minority shareholders brought an action challenging a freeze-out merger. The Chancellor here, like the court in *Schloss*, found Mr. Kostyk's complaint to be for loss of economic advantage and denied any remedy beyond the statutory appraisal remedy.

In *Bayberry*, the court determined that the plaintiff's allegations constituted a direct attack on the validity of the merger and that under Maryland law plaintiff did not have a statutory appraisal remedy and that therefore the plaintiffs had the right to bring a direct action against the directors. Unlike the plaintiffs in *Bayberry*, Mr. Kostyk does not attack the validity of the merger and Mr. Kostyk does have statutory appraisal rights.

We agree with the Chancellor that Mr. Kostyk's allegations do not constitute a direct attack on the merger, that Mr. Kostyk does not allege any violation of Tennessee Code Annotated, Section 48–21–103(e), and that Mr. Kostyk did not request that the merger be rescinded. The Chancellor correctly held that Mr. Kostyk did not have a direct action against the directors and the directors' motion for summary judgment was well taken.

Mr. Kostyk's allegations do not fall within the limited circumstances that would give rise to a direct action against the directors and the Chancellor properly granted the motion for summary judgment.

The judgment of the Chancellor is affirmed with costs assessed to Mr. Kostyk and the cause remanded to the trial court for the collection of costs and for further necessary procedure.

CANTRELL and KOCH, JJ., concur.